UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

CRYSTAL BITON, f/k/a MARCELLE
BITON, f/k/a SAPHYRE REDFORD,

                     Plaintiff,

v.

ATTORNEY GENERAL MR. JEFF SESSIONS;
SOLICITOR GENERAL OF THE UNITED
STATES, et al.,

                     Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-02394 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

On April 10, 2018, Plaintiff Crystal Biton, appearing pro se, filed this *in forma pauperis* action seeking damages. The Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the $400.00 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1). Accordingly, the Court grants Plaintiff's request to proceed *in forma pauperis* (*see* ECF. No. 2) solely for the purpose of this Order and dismisses the complaint as set forth below.

### BACKGROUND

Plaintiff's complaint names over one hundred defendants, most of whom are government officials or agencies, banks, or lawyers. Other than the list of Defendants, Plaintiff's complaint is largely incomprehensible. Indeed, the Court is unable to ascertain the basis of any claim against any Defendant.

### STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw

1

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a pro se complaint is "to be liberally construed," *Ahlers v. Rabinowitz,* 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and interpreted as raising the strongest arguments that it suggests, *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court should not dismiss the complaint without granting the pro se plaintiff leave to amend the complaint, at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Furthermore, a district court shall dismiss an *in forma pauperis* action where the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

**DISCUSSION**

1. <u>Plaintiff's complaint is dismissed as factually frivolous</u>.

A court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33, (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)) (quotation marks omitted). Here, the complaint is delusional and completely devoid of merit. There are more than one hundred named defendants, from federal agencies to fast food restaurants, banks, state police departments, motor vehicle companies (foreign and abroad), airline companies, elected officials, attorneys, and miscellaneous individuals associated with these institutions or persons. The named Defendants have no connection to the text in the body of the complaint. And, there is nothing in the complaint that comes close to alleging a federal cause of action. Even affording the complaint the broadest of interpretations, the Court is unable to discern any sense of what claim or claims Plaintiff may be trying to assert. The complaint is patently frivolous.

Accordingly, the Court must dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Whereas, ordinarily, the Court would allow Plaintiff an opportunity to amend her pleading, *Cruz v. Gomez,* 202 F.3d 593, 596 (2d Cir. 2000), it need not afford that opportunity, where, as here, it is clear from the face of the complaint that her claims are frivolous.

2. <u>Plaintiff is warned that the filing of future frivolous complaints may result in a filing injunction</u>.

This is not Plaintiff's first frivolous *in forma pauperis* complaint. Indeed, the Court is

quite familiar with Plaintiff and her daughter, Danielle Biton,[1] because of their numerous frivolous filings over the past decade. In 2009 and 2010, under the alias, Saphyre Redford, Plaintiff filed two prior actions in this Court that were dismissed as frivolous: *Redford v. Chicago Title Ins.*, No. 10-CV-434 (Opinion and Order, ECF No. 5) and *Redford v. Harris*, No. 09-CV-5693 (Memorandum and Order, ECF No. 3), the former of which included a warning to her that the Court will not tolerate frivolous litigation. In 2012, Danielle Biton filed several frivolous actions in this Court that included Plaintiff in the caption of the complaint. *See, e.g.*, *Biton v. Washington Dulles Airport*, 12-CV-5331 (Crystal "Bitton" listed in the caption as an alias); *Biton v. Simon Chitrid*, 12-CV-5359 (Crystal Biton listed in the caption as an alias); *Biton v. Aventura*, 12-CV-5426 (Crystal Biton listed either as another plaintiff or an alias, but Danielle Biton was the sole signatory).

Recently, in March 2017, Danielle Biton and Crystal Biton signed and filed motions under miscellaneous docket numbers seeking permission to file two proposed complaints and leave to proceed *in forma pauperis*. *See Biton v. Verilli*, Nos. 17-mc-803 (Complaint, ECF No. 1); *Biton v. Verilli* 17-mc-804 (Complaint, ECF No. 2). By Memorandum and Order dated May 5, 2017, Danielle and Crystal Biton were denied leave to file the *in forma pauperis* complaints and the case was closed. *Id.* (ECF Nos. 12, 10). On May 11, 2017, Danielle and Crystal Biton submitted a motion for reconsideration and rehearing of the Court's May 5, 2017 Order, which was denied. *Id.* (ECF Nos. 13, 11). On November 8, 2017, Danielle and Crystal Biton submitted two letters to the Court seeking to continue the actions. *Id.* (ECF Nos. 24–25, 20–21). That

---

[1] Because of an extensive history of vexatious litigation, Plaintiff's daughter, Danielle Biton, has been barred from filing any future *in forma pauperis* action in this Court without first obtaining leave of Court. *See Biton v. Prime Minister of Israel,* 12-CV-5234 (Final Judgment and Filing Injunction dated since Feb. 28, 2013, ECF No. 7); *Biton v. Washington Dulles Airport Authority*, 12-CV-5331 (same, ECF No. 7); *Biton v. Simon Chitrid*, 12-CV-5359 (same, ECF No. 10); *Biton v. Aventura*, 12-CV-5426 (same, ECF No. 8).

4

request was denied and the Clerk of Court was directed to return, without filing, any future submissions under those docket numbers. *Id.* (ECF Nos. 26, 22). Subsequently, Danielle and Crystal Biton filed an appeal to the Second Circuit.

By Mandate issued April 4, 2018 (the "Mandate"), Danielle and Crystal Biton's appeals of this Court's May 5, 2017 Order were dismissed by the Second Circuit because they lacked an arguable basis in law or in fact. *Id.* (Mandate, ECF Nos. 29, 25). In the Mandate, the Second Circuit noted that, in October 2015, it warned Plaintiff "that the continued filing of frivolous appeals would result in the imposition of sanctions, including a leave to file sanction" and renewed the warning: "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers will result in the imposition of sanctions, which may include a leave-to-file sanction requiring Appellant Crystal Biton to obtain permission from this Court prior to filing any further submissions in this Court."[2] *Id.* Plaintiff filed the instant complaint four days later.

Given Plaintiff's history of frivolous litigation in this Court and in the Second Circuit, the Court renews its warning that it will not tolerate frivolous litigation.[3] Should Plaintiff file any other frivolous or vexatious action, the Court will enter an Order barring the acceptance of any future *in forma pauperis* complaint from her for filing without her first obtaining leave of the Court to do so, upon notice and opportunity to be heard. 28 U.S.C. § 1651; *see e.g., In re Martin-Trigona*, 9 F.3d 226, 227–30; *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529–30 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*)

---

[2] As to Danielle Biton, the Second Circuit enumerated its prior warnings and ordered her to show cause why a leave-to-file sanction should not be imposed. *See Biton v. Verilli*, 17-mc-803 (ECF No. 29); *Biton v. Verilli*, 17-mc-804 (ECF No. 25).

[3] The Court believes that the immediate imposition of sanctions would be warranted at this time. However, because the prior warnings regarding frivolous actions were made no less than eight years ago, the Court gives Plaintiff this final warning.

5

(noting that a district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings") (internal quotations and citations omitted).

## CONCLUSION

Accordingly, Plaintiff's complaint filed *in forma pauperis* is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Further, the Court repeats its warning to Plaintiff that it will not tolerate frivolous litigation. The Court may enter an Order barring the acceptance of any future *in forma pauperis* complaints for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Brooklyn, New York
      July 24, 2018                               SO ORDERED:

                                                        /s/LDH
                                        LaSHANN DeARCY HALL
                                        United States District Judge